|  |  |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| Timothy Fisher, | 2:16-cv-02816-JAD-VCF |
| Plaintiff | **Order Dismissing Case** |
| v. | |
| A. Dicus, et al., | |
| Defendants | |

Pro se plaintiff Timothy Fisher served a sentence at the High Desert State Prison (HDSP) and brings this civil-rights action against multiple defendants—primarily Correctional Officer Dicus—for events that allegedly occurred while he was incarcerated.[1] Fisher no longer resides at the address that is on file with the Court, so he was ordered to update it as Local Rule IA 3-1 requires, and he was warned that his failure to do so within 30 days would result in dismissal of this action without prejudice.[2] That 30-day deadline has now expired, and Fisher has not updated his address or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to

---

[1] ECF No. 1-1.

[2] ECF No. 6.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration-of-alternatives" requirement.[7] Fisher was warned that his case would be dismissed without prejudice if he failed to update his address within 30 days.[8]

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED without prejudice** based on Fisher's failure to file an updated address in compliance with this Court's November 6, 2017, order.

The **Clerk of Court** is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

DATED: December 19, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 6.